# In the United States Court of Federal Claims

No. 17-1826 T
Filed: January 31, 2022
Re-issued: February 3, 2022[1]

|  |  |
|---|---|
| DESERT SUNLIGHT 250, LLC and DESERT SUNLIGHT 300, LLC, <br><br> *Plaintiffs*, <br><br> v. <br><br> THE UNITED STATES, <br><br> *Defendant*. | ) ) ) ) ) ) ) ) ) ) ) ) ) |

*Steven J. Rosenbaum*, Covington & Burling LLP, Washington, D.C., for Plaintiff. *Dennis B. Auerbach*, *Sean M. Akins*, *Alexis N. Dyschkant*, and *Seth A. Mohney*, of counsel.

*Matthew D. Lucey*, United States Department of Justice, Tax Division, Court of Federal Claims Section, Washington, D.C., with whom were *David A. Hubbert*, Deputy Assistant Attorney General, *David I. Pincus*, Chief, Court of Federal Claims Section, *G. Robson Stewart*, Assistant Chief, Court of Federal Claims Section, and *Jason S. Selmont*, *Katherine Powers*, and *Emily Van Dam*, Trial Attorneys, of counsel, for Defendant.

## ORDER

**MEYERS, Judge**.

Pending before the Court is the Government's Motion for Clarification, ECF No. 117, and Plaintiffs' Motion *in Limine* to exclude evidence concerning the purported values of 1) the loan guarantee for the Desert Sunlight solar facility provided by the Department of Energy ("DOE Loan Guarantee"), 2) the Desert Sunlight power purchase agreements ("PPAs"), and 3) a large generator interconnection agreement ("LGIA"), ECF No. 113. The evidence Plaintiffs seek to exclude includes, but is not limited to, a substantial portion of a report provided by Dr. Glenn George—an expert witness for the Government. *Id.* at 2. For the reasons stated in the hearing and below, the Court denies the Plaintiffs' Motion *in Limine* and grants the Government's Motion for Clarification.

---

[1] The Court issued this Order under seal and directed the Parties to confer and propose any redactions pursuant to the protective order. Because the Parties advise that no redactions are necessary, the Court re-issues this Order without redaction and changing only this footnote.

## I.  The Government's Motion for Clarification

In its Motion for Clarification, the Government "seeks clarification that the 'Background' section" of the Court's October 8, 2021 Opinion re summary judgment, ECF No. 109, "was a summary reflecting the parties' characterizations of background 'facts,' as interpreted through the lens of a summary judgment motion—and were not findings of fact." ECF No. 117 at 1. Specifically, the Government stated its concern that "there are certain factual statements in the Background section of the Order that are not uncontested facts and that [the Government] should have the opportunity to refute at trial." *Id.* at 3.

The Court acknowledges and agrees that "[d]ue to the nature of the proceeding, courts do not make findings of fact on summary judgment." *Ford Motor Co. v. United States*, 157 F.3d 849, 854 (Fed. Cir. 1998). And to the extent there was any doubt, the Court confirms that it made no findings of fact in the "Background" section of its Opinion re summary judgment, ECF No. 109.

## II.  The Plaintiffs' Motion *in Limine*

### 1.  The DOE Loan Guarantee

Plaintiffs assert that any evidence concerning the purported value of the DOE Loan Guarantee should be excluded as irrelevant because it "has no bearing on the amount of the cash grant to which Plaintiffs are entitled under [the American Recovery and Reinvestment Act of 2009] Section 1603," which is the issue before the Court in this litigation. ECF No. 113-1 at 7. Plaintiffs argue that because this Court held in its summary judgment ruling that "the DOE Loan Guarantee is not a separable asset to be included in the I.R.C. 1060 allocation" and cannot "reduce the Section 1603-eligible basis," the purported value of the DOE Loan Guarantee can have no bearing on the determination of Plaintiffs' Section 1603-eligible basis and is therefore irrelevant. *Id.* (citing ECF No. 111 at 31).

The Government contends that evidence concerning the DOE Loan Guarantee is "relevant to determining the fair market value of the § 1603-eligible assets" because, although the DOE Loan Guarantee is not a separable asset itself, it influenced the pricing of the EPC Agreement and overall transaction. ECF No. 119 at 2. And such pricing is a key factor in evaluating the fair market value of the § 1603-eligible assets. Specifically, "[s]uch evidence is directly relevant to rebutting plaintiffs' claim that their claimed EPC price should be respected as reflecting an arm's-length negotiation and valuation of the EPC Agreement assets alone." *Id.* The Government also asserts that such evidence is "relevant to demonstrating the peculiar circumstances of the Desert Sunlight Transaction," which would limit Plaintiffs' cost basis to the fair market value of the property. *Id.* at 2-3, 16 (citing *Lemmen v. Commissioner*, 77 T.C. 1326, 1348 (1981)). In addition, the Government argues that evidence concerning the DOE Loan Guarantee is relevant to its argument that the Department of Energy's review of Desert Sunlight's EPC price was insufficient. *Id.* at 2.

The Court agrees with the Government. None of the Government's provided rationales for presenting evidence concerning the DOE Loan Guarantee at trial conflict with this Court's summary judgment ruling. In fact, the core issue to be determined at trial is whether Plaintiffs' asserted § 1603-eligible basis reflects the fair market value of the applicable assets. And the fair

market value of assets is generally measured by "the price at which property would change hands between a willing buyer and a willing seller, neither being under any compulsion to buy or sell, and both reasonably informed as to all relevant facts." *Solitron Devices, Inc. v. Comm'r*, 80 T.C. 1, 20-21 (1983), *aff'd* 744 F.2d 95 (11th Cir. 1984). Therefore, factors that influence whether the EPC price accurately reflects the fair market value of the EPC assets is directly relevant at trial.

The Government expects that the evidence it plans to introduce concerning the DOE Loan Guarantee will show that the DOE Loan Guarantee inflated the EPC price such that the EPC price does not reflect the fair market value of the EPC assets. ECF No. 119 at 11. Specifically, the Government argues that, under the Plaintiffs' deal with NextEra and GE, the EPC and MIPSA agreement prices were tied to one another such that a decrease in one would be compensated for by an increase in the other so as to maintain a relatively stable target return on investment for NextEra and GE. *Id.* Additionally, the Government contends that the financial model the Plaintiffs used in pricing the MIPSA fluctuated depending on the presence of a loan guarantee, such that without the DOE Loan Guarantee the MIPSA would have been priced significantly lower. *Id.* The Government asserts that such lowering of the MIPSA price would mean, "by the Transaction's negotiated terms, the total consideration (i.e., MIPSA price plus EPC price) that NextEra and GE would have paid for both the EPC Agreement's assets and the MIPSA assets— without the guarantee—would have been tens of millions of dollars below the stated EPC price alone." *Id.* at 12. Thus, the Government argues that the EPC price "was inflated by First Solar's simultaneous sale of the loan guarantee" and does not accurately reflect the fair market value of the EPC assets alone. *Id.*

In the hearing, however, Plaintiffs asserted that the EPC price had a fixed value that did not fluctuate depending on the presence of a loan guarantee. But the details of the negotiations and whether the resulting EPC price constituted fair market value of the EPC assets are issues for trial. At this stage, the Court decides only that the Government should be allowed to present its evidence on these issues at trial.

Plaintiffs correctly note this Court's summary judgment ruling that "the DOE Loan Guarantee is not a separable asset to be included in the I.R.C. 1060 allocation" and it cannot be used to "reduce the Section 1603-eligible basis." ECF No. 113-1 at 7 (citing ECF No. 111 at 31). But the Government is not seeking to introduce evidence that the DOE Loan Guarantee is a separable asset that should be allocated under the I.R.C. 1060 waterfall. Rather, the Government wants to present evidence concerning the DOE Loan Guarantee that it believes speaks to whether the EPC price accurately reflects the EPC assets' fair market value. For example, the Government pointed to several relevant excerpts from the expert report at issue here, in which Dr. George provides opinions that the "value of the loan guarantee to the Project was embedded in the EPC price" and that "PPA revenues and debt terms were essential to the determination of the EPC price." ECF No. 119 at 20 (citing ECF No. 81-61 at App'x 4030). Such evidence is directly relevant to the issues to be resolved at trial. Whether the Government and Dr. George are correct that the value of the loan guarantee inflated the EPC price above fair market value is a question for trial. But the Court agrees with the Government that "[t]here is no credible basis to exclude NextEra's own evidence about the guarantee's effect on the project pricing, and NextEra's own conclusion that the loan guarantee would reduce the expected § 1603 grant." *Id.* at 14. Therefore, the Court denies the Plaintiffs' motion as to the loan guarantee.

2. <u>The PPAs and LGIA</u>

Plaintiffs also contend that evidence concerning the purported values of the PPAs and LGIA should be excluded because it "has no bearing" on "the fair market value of, and appropriate I.R.C. 1060 allocation to, the grant-eligible tangible property at the Desert Sunlight facility." ECF No. 113-1 at 2. Plaintiffs correctly summarized this Court's view that the PPAs and LGIA "are 'Class VI' intangible assets under I.R.C. 1060," and that it is generally "unnecessary to value such intangibles to determine the value of the Class V <u>tangible</u> assets that are eligible for a cash grant under the ARRA § 1603 program." *Id.* at 1 (citing ECF No. 109 at 20, 35) (emphasis in original).

But as the Government notes, "[i]f the government is precluded from presenting evidence about the value of intangible assets, it is effectively barred from arguing that a portion of the purchase price should be allocated to something other than tangible assets." ECF No. 119 at 6. And this approach was soundly rejected by the Federal Circuit in *Alta Wind I Owner Lessor C v. United States*, 897 F.3d 1365, 1376 (Fed Cir. 2018). ECF No. 119 at 6-7. In *Alta Wind*, the Federal Circuit explained that I.R.C. 1060 requires use of the residual method when there is an applicable asset acquisition. 897 F.3d at 1376. And under the residual method, "the consideration is distributed among seven asset classes, some classes for tangible assets and others for intangible assets." *Id.*

Plaintiffs themselves admit that, under the residual method, consideration may be allocated to the Class VI intangibles "to the extent that any consideration remains after allocating to Class V property." ECF No. 113-1 at 7-8. While Plaintiffs assert that there will be no remaining consideration after allocating to Class V property, *see* ECF No. 120 at 5-6, this is an issue for trial. As the Court noted in its summary judgment ruling:

> If Plaintiffs prove the[] fair market values [of their Class V assets] at trial, all the Transaction consideration would be allocated to Class V and the fair market value of the Class VI and VII assets would not be necessary. Of course, if the Government shows errors in Plaintiffs' valuations, there may be consideration left over to allocate to Class VI or VII assets. This too is a trial issue.

ECF No. 111 at 34.

Lastly, as noted above, the Government suggested that it intends to introduce evidence at trial to show that the value of the PPAs influenced the EPC price. ECF No. 119 at 20 (citing ECF No. 81-61 at App'x 4030). Again, whether the Government is correct that the value of the PPAs influenced the EPC price is an issue for trial. And for the same reasons as described above, the Court finds the Government should be allowed to present such evidence at trial.

In short, the Court is not persuaded that the evidence Plaintiffs seek to exclude is irrelevant to the issues to be resolved at trial. And a streamlined trial, while always an appreciated goal, is not a sufficient reason for this Court to exclude potentially relevant evidence.

**CONCLUSION**

For the reasons stated above:

1. The Government's Motion for Clarification, ECF No. 117, is **GRANTED**.

2. The Plaintiffs' Motion *in Limine*, ECF No. 113, is **DENIED**.

**IT IS SO ORDERED.**

<u>s/ Edward H. Meyers</u>
Edward H. Meyers
Judge